TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 230309)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Asset Acceptance, LLC and
Winn Law Group

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD F. DEBIEN,<br><br>  Plaintiff,<br><br>  vs.<br><br>ASSET ACCEPTANCE, and WINN LAW GROUP,<br><br>  Defendants. | CASE NO.  08 CV 2258 MMA RBB<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants ASSET ACCEPTANCE ("Asset") and WINN LAW GROUP ("Winn") (collectively, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiff EDWARD F. DEBIEN ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq*. (the "FDCPA") are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendants aver that the contents of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. (the "Rosenthal Act") are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. Denied.

4. Defendants aver that no response to Paragraph 4 of the Complaint is required of them.

5. Denied.

6. In answering Paragraph 6 of the Complaint, Defendants admit that Plaintiff alleges that jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k, and that supplemental jurisdiction over Plaintiff's state law claims arises under 28 U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. Denied.

8. In answering Paragraph 8 of the Complaint, Defendants admit that Asset conducts interstate business with residents of the State of California and that Winn conducts business in the State of California. Defendants also admit that Plaintiff alleges that personal jurisdiction is established. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9. In answering Paragraph 9 of the Complaint, Defendants admit that Plaintiff alleges that venue in this judicial district is proper pursuant to 28 U.S.C. §

1391(c). Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. In answering Paragraph 10 of the Complaint, Defendants admit, on information and belief, that Plaintiff is a natural person who resides in the State of California. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. In answering Paragraph 11 of the Complaint, Defendants admit that Asset conducts interstate business with residents of the State of California. Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

12. In answering Paragraph 12 of the Complaint, Defendants admit that Winn's principal place of business is located in the City of Fullerton, County of Orange, State of California. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13. In answering Paragraph 13 of the Complaint, Defendants admit that Plaintiff is obligated to pay a financial obligation. Defendants presently lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny if Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3). On that basis, Defendant denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendants admit that Asset uses instruments of interstate commerce and that Defendants use the mail to conduct their business. Defendants further admit that they have, at times, acted as "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. In answering Paragraph 15 of the Complaint, Defendants admit, on information and belief, that Plaintiff is a natural person. Defendants presently lack sufficient knowledge to form a belief as to whether the financial obligation at issue

was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(h). On that basis, Defendants deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 15 are denied.

16. In answering Paragraph 16 of the Complaint, Defendants admit that Asset has, at times, engaged in "debt collection" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(b) and that it has, at times, acted as a "debt collector" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(c). Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17. In answering Paragraph 17 of the Complaint, Defendants presently lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether the financial obligation at issue was incurred through a "consumer credit transaction" as defined by the Rosenthal Act, Cal. Civil Code § 1788.2(e) nor whether this action therefore arises from a "consumer debt" or "consumer credit" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(f). Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18. Defendants admit, on information and belief, the allegations of Paragraph 18 of the Complaint.

19. In answering Paragraph 19 of the Complaint, Defendants admit that Asset conducts interstate business with residents of the State of California and that Winn conducts business in the State of California. Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20. Admitted.

21. In answering Paragraph 21 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither

admit nor deny whether the financial obligation at issue qualifies as a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5). Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

22. In answering Paragraph 23 of the Complaint, Defendants admit that the financial obligation at issue is a "debt" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(d). Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether the financial obligation at issue qualifies as a "consumer debt" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(f). Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23. In answering Paragraph 23 of the Complaint, Defendants admit that Plaintiff failed to make the minimum monthly payments on his financial obligation presently owed to Asset and that he defaulted on the account before September 29, 2008. Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24. In answering Paragraph 24 of the Complaint, Defendants admit that the financial obligation at issue is presently owed to Asset and that Asset engaged Winn to collect the obligation from Plaintiff. Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25. In answering Paragraph 25 of the Complaint, Defendants admit that Winn filed a lawsuit on behalf of Asset against Plaintiff in the Superior Court of California, County of San Diego under case number 37-2008-00059152-CL-CL-NC (the "Underlying Action") on or about September 29, 2008. Defendants aver that the contents of the complaint in the Underlying Action are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Defendants incorporate by reference paragraphs 1 through 29 above as if fully stated herein.

31. Denied.

32. Denied.

33. Defendants incorporate by reference paragraphs 1 through 32 above as if fully stated herein.

34. Denied.

35. Denied.

36. Defendants aver that no response to Paragraph 36, Plaintiff's "prayer for relief," is required of them.

37. Defendants aver that no response to Paragraph 37, Plaintiff's "prayer for relief," is required of them.

38. Defendants aver that no response to Paragraph 38, Plaintiff's "prayer for relief," is required of them.

39. Defendants aver that no response to Paragraph 39, Plaintiff's "prayer for relief," is required of them.

40. Defendants aver that no response to Paragraph 40, Plaintiff's "prayer for relief," is required of them.

41. Defendants aver that no response to Paragraph 41, Plaintiff's "prayer for relief," is required of them.

42. Defendants aver that no response to Paragraph 42 is required of them.

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

### EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

### NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants.  The liability, if any exists, of Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
### (Set Off)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Asset is, on information and belief, entitled to a setoff in the amount Plaintiff owes to Asset on his unpaid account, including any recoverable interest and attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Litigation Privilege)

The actions of Defendants complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and claims are therefore barred, in whole or in part, by the California litigation privilege and/or the *Noerr-Pennington Doctrine*.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA and the Rosenthal Act must be rejected as it would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recover from Plaintiff costs according to proof.

3. That Defendants recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: January 23, 2009         SIMMONDS & NARITA LLP
                                TOMIO B. NARITA
                                JEFFREY A. TOPOR


                         By:   s/Tomio B. Narita
                               Tomio B. Narita
                               Attorneys for Defendants
                               Asset Acceptance, LLC and
                               Winn Law Group

**PROOF OF SERVICE**

I, Tomio B. Narita, hereby certify that:

I am employed in the City and County of San Francisco, California.  I am over the age of eighteen years and not a party to this action.  My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.  I am counsel of record for the defendants in this action.

On January 23, 2009, I caused **DEFENDANTS' ANSWER TO COMPLAINT** to be served upon the parties listed below via the Court's Electronic Filing System:

**VIA ECF**

Joshua Swigart
josh@westcoastlitigation.com
Counsel for Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.  Executed at San Francisco, California on this 23rd day of January, 2009.

By:   s/Tomio B. Narita
      Tomio B. Narita
      Attorneys for Defendants
      Asset Acceptance, LLC and
      Winn Law Group